THE PETEY MANUFACTURING COMPANY *vs.* FRANCIS DRYDEN.

*Injuries from Bees—Right of Action—Trespass—Case—Negligence
—Nonsuit.*

1.  The liability of the owner or keeper of bees for any injury done by them to the person or property of another rests on the doctrine of negligence.

2.  Trespass *quare clausun fregit* is an inappropriate remedy to recover for injuries done by bees to the person or property of another.

*(April 12, 1904.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert C. White* for plaintiff.

*Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1904.

ACTION OF TRESPASS (No. 68, October Term, 1902).

The declaration contained one count which was as follows:

" For that, whereas the said plaintiffs heretofore, to wit : on the———day of———A. D. 1902, at &c., aforesaid, were the owners of two mules of great value, to wit : of the value of five hundred dollars, lawful money of the United States, which said mules, to wit : on the said———day of———A. D. 1902, at &c. aforesaid, were lawfully and of right standing and being within the close of one Henry A. Houston, at the instance of and by and with the consent and permission of the said Henry A. Houston ; and that the said defendant was then and there, to wit : on the said ———day of———A. D. 1902, at &c. aforesaid, the owner and keeper of a large number of bees, for making honey.

" The said plaintiffs aver that on the said———day of——— A. D. 1902, at &c. aforesaid, and while the said two mules were

then and there lawfully and of right standing and being within the said close as aforesaid, the said bees so as aforesaid owned and kept by the said defendant, broke and entered into the said close where the said mules were then and there lawfully and of right standing and being as aforesaid, and then and there, to wit : on &c. at &c. aforesaid, and within the said close, did attack, sting and bite the said two mules of the said plaintiffs, by means of said attacking, stinging and biting the said two mules then and there died and became of no value to the said plaintiffs.

Wherefore by means of the premises the said plaintiffs say that they are injured and have sustained damage in the sum of one thousand dollars and they therefore bring their suit."

Plaintiffs proved the facts as set out in the above declaration, but there was no proof that the bees were kept in an improper place or in an improper manner or that there was any notice brought home to the defendant of the propensity of the bees to do mischief.

Whereupon the defendant moved for a nonsuit upon the following grounds :

1. In the suit, negligence is the foundation of the action ; and in order that the plaintiffs may recover it is necessary that they show by a preponderance of proof, that there was negligence on the part of the defendant—not that he kept bees ; for that fact in itself is not negligence, but that the said bees were kept in an improper place or kept in an improper manner, and that said defendant had had notice thereof.

2. That in this case, actual notice must be brought home to the defendant of the propensity of the bees to do mischief, and there is no proof to that effect.

3. That the owner of bees is not liable at all events for any accidental injury they may do.

4. Though bees are *ferae naturae*, they are kept for the use and convenience of man and are excepted from the rule of law that the keeping of all animals *ferae naturae* presumes negligence, and where, as in this case an action is brought to recover damages for an injury done by bees against the owner, the *scienter* must be

proved. As there is a total absence of any such proof, plaintiff cannot recover.

*Earl vs. Van Alstine, 8 Barbour, 630 ; 1 Chitty, marginal pages 82-83 ; Goff vs. Kilts, 15 Wend., 550.*

BOYCE, J.:—The plaintiff brought an action on the case to recover damages for the loss of two mules whose death, it is alleged, were caused by the bites and stings of bees belonging to the defendant. The declaration filed is in trespass and not case. Counsel for the defendant, in his motion for a nonsuit, contended that the plaintiff's right of action, if any he may have, rested upon the negligence of the defendant, and that, therefore, a recovery could not be had under the declaration and evidence in this case.

The keeping of bees is recognized as proper and beneficial, and it seems to us that the liability of the owner or keeper thereof for any injury done by them to the person or property of another must rest on the doctrine of negligence ; and that the remedy afforded by trespass is inappropriate in a case like this.

*Cooley on Torts, 349.*

In disposing of the motion before us, we do not deem it necessary to pass upon the degree of care demanded of those who may own or keep bees.

Upon the declaration and evidence in this case, we are unanimous in directing a nonsuit.

Let a nonsuit be entered.